IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>MILEA IXTA,<br><br>                  Defendant. | 8:21CR131<br><br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

The United States of America, by and through Mikala Purdy-Steenholdt, Assistant United States Attorney, respectfully submits this memorandum in support of sentencing.

## I. WITNESSES

The government does not intend to call any witnesses.

## II. EXHIBITS

The government does not intend to offer any exhibits.

## III. INTRODUCTION

On April 22, 2021, a grand jury returned a one-count indictment against defendant charging her with possession with intent to distribute 50 grams or more of methamphetamine actual, in violation of 21 U.S.C. § 841(b)(1)(A). (Filing No. 1). Defendant pled guilty to this offense pursuant to a plea agreement on May 26, 2022. (Filing No. 47). On June 29, 2022, the district court accepted the defendant's guilty plea. (Filing No. 55).

The Revised Presentence Investigation Report (RPSR) calculated defendant had 28-criminal history points.[1] (RPSR ¶ 54). Defendant also committed the instant offense while under a criminal justice sentence thereby adding 2-points for a total of 30 criminal history points. (RPSR ¶ 55). Consequently, defendant qualifies as a criminal history category VI. (RPSR ¶ 56).

Defendant has a base offense level of 30 and a 3-level reduction for acceptance of responsibility. (RPSR ¶¶ 22-29). Therefore, defendant has an adjusted total offense level of 27. (RPSR ¶ 30). Accordingly, defendant's sentencing guideline range is 130 to 162 months' imprisonment. (RPSR ¶ 97). Defendant has a statutory minimum of 10-years' imprisonment with a maximum of life imprisonment. (RPSR ¶ 96).

## IV.    CONTESTED GUIDELINE ISSUES

The government does not anticipate a contested hearing on any of the guideline calculations.

## V.    FACTUAL BACKGROUND

On January 18, 2021, officers responded to a Walmart in Omaha regarding a report of shoplifting. (RPSR ¶ 11). A loss prevention officer observed defendant shoplift from Walmart by failing to pay for clothing items. *Id*. Officers detained defendant and searched her personal bag. (RPSR ¶ 12). In addition to finding stolen merchandise, officers located a large Ziploc bag containing methamphetamine. *Id*. The lab confirmed the bag to contain 148.87 grams of actual methamphetamine. *Id*. Notably, defendant also possessed items indicative of drug trafficking to include a box of Ziploc baggies and 580 grams of MSM, a common cutting agent. (RPSR ¶ 14).

---

[1] Defendant actually has 29 criminal history points; however, because there is a 4-point maximum for 1-point convictions pursuant to USSG §4A1.1(c), defendant's subtotal criminal history score was 28. (RPSR ¶ 54).

## VI. THE § 3553A FACTORS WARRANT A SENTENCE AT THE TOP OF THE GUIDELINE RANGE

Under 18 U.S.C. § 3553(a), the Court should impose a sentence that takes into consideration *inter alia* the history and characteristics of the defendant, nature and circumstances of the offense, the need to protect the public from further crimes of the defendant, and the need to afford adequate deterrence to criminal conduct. Here, these considerations are aggravating.

Defendant's history and characteristics are egregious. Specifically, defendant's criminal history is persistent and repetitive. By the age of 32, defendant has accumulated an astonishing 17 adult convictions resulting in 30 criminal history points. (RPSR ¶¶ 37-55). Defendant's convictions include: false information/reporting (x2); theft by shoplifting (x9); destruction of property; carry concealed weapon; terroristic threats; carrying a loaded concealed weapon inside a vehicle; accessory to a felony murder; theft by unlawful taking; and obstructing the law. (RPSR ¶¶ 37-55). Remarkably, defendant's criminal-history point total is more than double the 13-point threshold required for a criminal history category VI designation. The sheer quantity of defendant's convictions is undoubtedly aggravating.

Defendant is a recidivist—not only in quantity of criminal activity, but also in the types and frequency of criminal conduct. To that point, while the nature and circumstances of the instant offense are not necessarily aggravating in isolation and in a federal criminal context; because defendant has 9 prior convictions for theft by shoplifting and another conviction for theft by unlawful taking, the fact that defendant's instant conduct includes theft by shoplifting yet again renders this factor to be aggravating.[2] Moreover, defendant's conduct while in custody and on court supervision further demonstrates her propensity for recidivism as she violated conditions of

---

[2] Notably, defendant has 3 shoplifting convictions and an arrest for shoplifting at Wal-Mart specifically. (RPSR ¶¶ 40, 43, 48, 58).

3

supervision, acquired sanctions for misconduct in prison, and committed new law violations while on supervision. (RPSR ¶¶ 47, 48, 51, 53, 55).

For these reasons, the need to protect the public from further crimes committed by the defendant is strong. Likewise, the need to afford adequate deterrence to criminal conduct is also strong.

### VII. CONCLUSION

Based on the aforementioned reasons, the United States respectfully recommends a sentence at the top of the guideline range.

DATED this 28th day of December 2022.

        UNITED STATES OF AMERICA
        Plaintiff

        STEVEN A. RUSSELL
        United States Attorney

By:   s/ Mikala Purdy-Steenholdt
      MIKALA PURDY-STEENHOLDT
      (NY#5112289)
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE 68102-1506
      Tel: (402) 661-3700

### CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record.

        s/ Mikala Purdy-Steenholdt
        MIKALA PURDY-STEENHOLDT
        Assistant United States Attorney