IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MILEA IXTA,<br><br>                Defendant. | 8:21-CR-131<br><br>ORDER ON MOTION FOR<br>COMPASSIONATE RELEASE |

This matter is before the Court on defendant Milea Ixta's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 104. The defendant seeks compassionate release because she "has been denied adequate medical assistance and is forced to live in pain and undiagnosed." Filing 104 at 1 (reduced from capitals). For the reasons below, the defendant's Motion is denied.

## I. BACKGROUND

In 2023, the defendant pleaded guilty to the crime of Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual) pursuant to a plea agreement. Filing 51 (Plea Agreement); Filing 71 (Text Minute Entry). As outlined in the defendant's Revised Presentence Investigation Report, which the Court adopted without change at sentencing, the defendant was detained for shoplifting in January 2021. Filing 69 at 4. A search of the defendant's personal bag revealed stolen merchandise, 148.87 grams of methamphetamine (actual), and other items related to drug trafficking. Filing 69 at 4. On January 4, 2023, the Court sentenced the defendant to a 162-month term of imprisonment to be followed by a 5-year term of supervised release. Filing 72

1

(Judgment). The defendant's sentence was later reduced to 138 months, a sentence that fell at the low end of her guideline range. Filing 102 (Amended Judgment). The defendant now seeks a reduction of her sentence due to "numerous medical issues" that "make living in the prison environment almost impossible, and self-care [ ] exceptionally difficult." Filing 104 at 2, 3.

## II.  STANDARDS FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted her administrative remedies with the Bureau of Prisons (BOP) because more than 30 days have lapsed since the prison warden received her request. *See* Filing 104 at 78–81 (showing that the defendant submitted a request to the warden on April 25, 2025). The Court will therefore consider the merits of her Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

In light of the defendant's alleged medical issues, the policy statement from § 1B1.13 of the United States Sentencing Guidelines is pertinent to this case. Section 1B1.13 sets out "Medical Circumstances of the Defendant" that can constitute "[e]xtraordinary and compelling reasons warrant[ing] reduction" in sentence for purposes of 18 U.S.C. § 3582(c)(1)(A). These circumstances are as follows:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

### III. LEGAL ANALYSIS

The defendant cites "numerous medical issues" as grounds for compassionate release. Filing 104 at 2. She first alleges that she is in extreme pain from a decaying tooth that "has been left unattended for nearly a year." Filing 104 at 2. The defendant explains that the dentist "told her that the tooth must come out at the root" but "because the[ ]dentist does not have a drill[, ] there would be no way for him to help" the defendant. Filing 104 at 2. Second, the defendant avers that she "is in need of a cystoscopy but has not seen a urologist." Filing 104 at 2. Third, the defendant alleges that she "had bariatric sleeve surgery and has had no check ups." Filing 104 at 2. Finally, the defendant claims that she "has been having problems with her stomach for over a year" and "[a]fter months of living in pain, and going days without eating [she] was finally seen by a [doctor] and told that it seems as if she may have H-Polari." Filing 104 at 2. According to the defendant, "[s]he has not been properly diagnosed or provided with adequate medical care and may very well have life-threatening issues when it comes to her stomach issues." Filing 104 at 4.

4

Although the Court does not discount the defendant's ailments, the defendant has not shown that her medical issues reach the level of seriousness contemplated by U.S.S.G. § 1B1.13(b)(1). For instance, the defendant has not alleged that she has "a terminal illness" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13(b)(1)(A). The defendant claims her stomach issues "may very well [be] life-threatening," but it does not appear that she has received a diagnosis for her stomach pain, much less a diagnosis of "a serious physical or medical condition . . . from which . . . she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Although the defendant takes issue with this lack of diagnosis, the medical records submitted along with her Motion and the allegations in the Motion clearly indicate that the BOP is aware of the defendant's medical issues and that the defendant has seen doctors about those issues. *See* Filing 104 at 2 (explaining that the defendant was able to see a dentist about her tooth pain and a doctor about her stomach pain), 3 (stating that "a new test was required" related to the defendant's stomach issues), 26–27 (medical results reported by the U.S. Medical Center for Federal Prisons on April 25, 2025), 29 ("Clinical Encounter – Administrative Note" from May 1, 2025, regarding "Fecal Occult Blood point of care testing"), 30 ("Clinical Encounter – Administrative Note" from April 28, 2025), 31–32 ("Clinical Encounter" note from September 20, 2023, regarding a "Diet Consultation").

Even if the defendant had illustrated the requisite level of medical ailments to be considered for compassionate release, *see Avalos Banderas*, 39 F.4th at 1062, the Court would still deny her Motion because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. *See United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated

5

extraordinary and compelling reasons for release). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to promote respect for the law" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). As the Revised Presentence Investigation Report makes clear, the defendant has an extensive—and varied—criminal history, with convictions for destruction of property, felony terroristic threats, carrying a concealed weapon and carrying loaded and concealed weapon, felony accessory to murder, and multiple convictions for shoplifting and theft, including felony convictions for both crimes. Filing 69 at 6–18. These convictions have resulted in a criminal history category of VI, and they demonstrate a blatant disrespect for the rule of law. Filing 69 at 18. The offense for which she is currently incarcerated involved well over 100 grams of methamphetamine (actual) that the defendant intended to distribute, posing a serious danger to the community. Filing 69 at 4. The defendant's own history and characteristics thus weigh against granting compassionate release, as does the nature of her offense and its harmful impact on the public.

      The defendant is currently serving a sentence at the low end of her calculated guideline range, and she has only served a small fraction of that 138-month sentence. The Court concludes that further reducing her sentence would run afoul of "the need for the sentence imposed . . . to reflect the seriousness of the offense" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(2)(A), (6). The Court has also considered the remaining applicable 18 U.S.C. § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence, either. The Court would therefore deny the defendant's Motion even if she had demonstrated extraordinary and compelling reasons warranting compassionate release.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the defendant has not met her burden of demonstrating that compassionate release is warranted, and the Court's independent consideration of the 18 U.S.C. § 3553(a) factors does not support it either. Accordingly,

IT IS ORDERED: The defendant's Motion to Reduce Sentence, Filing 104, is denied.

Dated this 19th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge